**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1869**

AMANUEL TEREFE,

             Plaintiff - Appellant,

        v.

STANLEY BLACK & DECKER, INC.,

             Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge.  (8:18-cv-00419-PJM)

Submitted:  April 6, 2020                          Decided:  May 15, 2020

Before DIAZ and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elizabeth Christi Cunningham, HOWARD UNIVERSITY SCHOOL OF LAW, Washington, D.C., for Appellant.  Suzzanne W. Decker, MILES & STOCKBRIDGE, PC, Baltimore, Maryland; Catharine Elizabeth Lubin, BALLARD SPAHR, LLP, Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amanuel Terefe sued Stanley Black & Decker, Inc. ("Black & Decker"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17 (2018), 42 U.S.C. § 1981 (2018), and the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't §§ 20-601 to 20-611 (2014 & Supp. 2019). Terefe, who worked for Black & Decker as a test engineer, asserted that Black & Decker failed to promote him to senior engineer because of his race and retaliatorily terminated him after he filed a discrimination charge with the Equal Employment Opportunity Commission. Terefe now appeals the district court's order granting Black & Decker's motion for summary judgment. We affirm.

"We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted).

"Title VII forbids (i) employment practices that discriminate against an employee on the basis of race, color, religion, sex, or national origin . . . and (ii) retaliation against an

2

employee for opposing adverse actions that [he] reasonably suspects to be unlawful under Title VII." *Strothers v. City of Laurel*, 895 F.3d 317, 326-27 (4th Cir. 2018) (citations omitted). Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). A plaintiff asserting claims for discriminatory treatment under Title VII and § 1981 "may avoid summary judgment by proceeding under the burden-shifting framework established in [*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)]." *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019); *see Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Maryland courts apply the *McDonnell Douglas* framework to such employment discrimination claims under state law. *See Dobkin v. Univ. of Balt. Sch. of Law*, 63 A.3d 692, 699-701 (Md. Ct. Spec. App. 2013).

Under that framework, to establish a prima facie case of discriminatory failure to promote, a plaintiff must show that: (1) he is a member of a protected group; (2) he applied for a specific position; (3) he was qualified for that position; and (4) the defendant failed to promote the plaintiff under circumstances that give rise to an inference of discrimination. *Williams v. Giant Food Inc.*, 370 F.3d 423, 430 (4th Cir. 2004). "A prima facie case of retaliation requires proof that: (1) the plaintiff engaged in protected activity, (2) [h]e suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018). If the plaintiff establishes a prima facie case of discrimination or retaliation,

then the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory justification for its action. *Haynes*, 922 F.3d at 223. If the employer satisfies this burden, then the plaintiff must prove by a preponderance of the evidence that the employer's purportedly neutral reasons were a pretext for discrimination or retaliation. *Id.*

We have thoroughly reviewed the record and conclude that the district court did not err in finding that Terefe failed to establish a prima facie case of discrimination or retaliation, and that, even if he had established a prima facie case, he did not show that a reasonable trier of fact could find that Black & Decker's legitimate reasons for failing to promote him and terminating his employment were pretextual. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*